JAP:DCW

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

- against -

MARTIN DONATO,

              Defendant.

- - - - - - - - - - - - - - - - -X

**M-10-829**

COMPLAINT AND AFFIDAVIT
IN SUPPORT OF APPLICATION
FOR ARREST WARRANT

(T. 18, U.S.C.
§§ 922(g)(1))

EASTERN DISTRICT OF NEW YORK, SS:

      RAY MARTINEZ, being duly sworn, deposes and says that he is a Detective with the New York Police Department ("NYPD"), Gun Enhancement Unit, duly appointed according to law and acting as such.

      Upon information and belief, on or about July 2, 2010, within the Eastern District of New York, the defendant MARTIN DONATO, having been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, did knowingly and intentionally possess in and affecting commerce a firearm, to wit: a Kel-Tec P-32, .32 caliber semi-automatic pistol.

      (Title 18, United States Code, Section 922(g)(1)).

1

The source of your deponent's information and the grounds for his belief are as follows:[1]

1. I have been a Detective with the NYPD Gun Enhancement Unit for approximately four years. My information in this case comes from reviews of records of the NYPD, conversations with NYPD officers, and other official records of government agencies.

2. On or before July 2, 2010, an NYPD Police Officer, acting in an undercover capacity (the "undercover officer"), indicated on a public internet site that she was interested in buying fireworks for a block party that she was hosting in Staten Island. Thereafter, the defendant contacted the undercover officer and indicated that he had fireworks to sell the undercover officer. After negotiating with the undercover officer, the defendant agreed to sell the fireworks to the undercover officer for $400. Initially, the defendant wanted the undercover officer to travel to Brooklyn to purchase the fireworks. However, the defendant eventually agreed to meet the undercover officer in Staten Island. Notably, the defendant did not have a license to either possess or sell fireworks in the State of New York.

---

[1] Because the purpose of this Complaint is to state only probable cause to arrest, I have not described all the relevant facts and circumstances of which I am aware.

2

3. The defendant drove in a van to the meeting with the undercover officer. Thereafter, upon meeting the undercover officer in Staten Island, the defendant opened the rear doors of the van and showed the undercover officer boxes containing a variety of fireworks. Thereafter, the defendant was arrested.

4. The defendant's van was driven to a police precinct where an inventory search of the van was conducted. During the inventory search, in addition to finding a large quantity of fireworks, NYPD Officers discovered: (1) three gravity knives, including a very large double-bladed gravity knife; (2) an electronic stun gun; and (3) an expandable baton. Additionally, beneath the driver's side sun visor in the front passenger section of the van, NYPD Officers found a fake parking plaque which identified the defendant's van as a police vehicle belonging to the District Attorney's Office for New York County.

5. While conducting the inventory search of the defendant's van, NYPD Officers opened a compartment above the rear view mirror in the front passenger section of the van. Concealed in the compartment was a Kel-Tec P-32, .32 caliber semi-automatic pistol. There was a magazine in the pistol which contained six live rounds of ammunition.

6. The defendant was taken to the 122nd Precinct Station where he was given <u>Miranda</u> warnings. The defendant

3

stated in sum and substance that about five or six months earlier, he had purchased the pistol in Brooklyn from a man named "John." The defendant stated that he paid $300 for the pistol.

7. I have reviewed criminal history records for the defendant which reveal that on or about January 22, 2010, the defendant pled guilty to the offense of Conspiracy to Distribute and Possess With Intent to Distribute Cocaine, in violation of 21 U.S.C. § 846. The defendant is currently being held in federal custody pursuant to a supervised release violation of the above.

8. I have spoken with an ATF interstate nexus expert, who informs me that the above-mentioned Kel-Tec P-32, .32 caliber semi-automatic pistol was manufactured outside the State of New York.

WHEREFORE, your deponent respectfully requests that an arrest warrant be issued for the defendant MARTIN DONATO so that he may be dealt with according to law.

                                Ray Martinez
                                Detective
                                New York Police Department

Sworn to before me this
20th day of July, 2010

_____
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK